IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| XAVIER JETT, | ) | |
| | ) | |
| Petitioner, | ) | 2:11-cv-2117-KOB-RRA |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN L. DANIELS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

The petitioner filed a habeas corpus petition on June 16, 2011 (doc. 1), more than eighteen months after the limitations period to file the petition expired on December 11, 2009 (doc. 23).[1] The magistrate judge entered a Report and Recommendation to dismiss the habeas

---

[1] On September 12, 2008, the Alabama Supreme Court denied the petitioner's writ of certiorari and issued a certificate of judgement. The petitioner's conviction became final on December 11, 2008, when the ninety-day period for filing a petition for certiorari to the United States Supreme Court expired (doc. 23). The AEDPA provides a one-year statute of limitations period to file a federal habeas petition. 28 U.S.C. § 2244. So, the petitioner had until December 11, 2009 to timely file his habeas petition.

The statute of limitations for a federal habeas petition stops running when a petitioner files a state post-conviction petition *on time*. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (emphasis added). The petitioner filed a Rule 32 petition in the Circuit Court of Jefferson County on October 5, 2010, but the trial court denied the petition on July 5, 2011, finding that it was filed untimely. The petitioner's appeal of the denial of his Rule 32 petition is currently pending before the Alabama Court of Criminal Appeals (doc. 23).

If the petitioner had filed a timely Rule 32 petition before December 11, 2009, the time spent litigating his properly filed state collateral attack would not count toward the one-year limitations period for filing his federal habeas petition. *See* 28 U.S.C. § 2244 (d). However, the petitioner did not file a Rule 32 petition until almost ten months after the statute of limitations expired for filing his federal habeas petition. Therefore, statutory tolling does not apply in the present case. *See Chavez v. Sec'y Florida Dep't of Corrs.*, 647 F.3d 1057, 1062 n.4 (11th Cir. 2011) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ( "A state-court petition . . . that is filed following the expiration of the [federal] limitations period cannot toll that period because there is no period remaining to be tolled.").

corpus petition as time barred by the one-year statute of limitations (doc. 23).[2]  The petitioner filed objections to the magistrate judge's report and recommendation, arguing that this court should equitably toll the limitations period because his attorneys failed to file a state Rule 32 petition on time and failed to inform the petitioner of the statute of limitations for filing a federal habeas petition (doc. 24).[3]

      Having carefully reviewed and considered de novo all materials in the court file, including the magistrate judge's report and recommendation and the petitioner's objections, the court finds that the magistrate judge's report is due to be ADOPTED and ACCEPTS his recommendation.  The court finds that no adequate grounds for equitable tolling exist and that the habeas petition is due to be DISMISSED as barred by the statute of limitations.

## I. Equitable Tolling

      Equitable tolling applies only if the petitioner shows "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)) (emphasis added).  Under the first requirement of equitable tolling, the petitioner must pursue his rights with "reasonable diligence" rather than

---

   [2]  In his Report, the magistrate judge denied the petitioner's "Motion to Dismiss without Prejudice" filed on February 7, 2012, requesting "time to exhaust state remedies" (doc. 22). This court agrees with the magistrate judge's DENIAL of the motion.  Dismissing his petition without prejudice would serve no purpose, because the petitioner's pursuit of state remedies would not change the fact that his federal habeas petition is time-barred.

   [3]  In his objections, the petitioner claims that his mother, Ms. Judy Jett, paid attorney John C. Robbins $3,045.00 on January 30, 2009 to file a Rule 32 petition.  However, on August 3, 2009, Attorney Robbins refunded the money.  Petitioner claims that on August 10, 2009, Aquanita Giddens, his common-law wife, retained Attorney Kittren Jay Walker to file a motion for a new hearing and/or a Rule 32 petition (docs. 11-5, 22).

"maximum feasible diligence." *Holland*, 130 S. Ct. at 2565.  Furthermore, under the second requirement, the petitioner must show that an extraordinary circumstance caused the petitioner to file the petition late.  *San Martin,* 633 F.3d at 1267.  Under the equitable tolling doctrine, the petitioner has the burden of proving that the circumstances warrant application of the doctrine.  *Id.* at 1268 (citing *Drew v. Dept. of Corrects.*, 297 F.3d 1278, 1286 (11th Cir. 2002)).

   A.  **Reasonable Diligence**

The basis for the petitioner's claim for equitable tolling hinges on the inaction of the two attorneys he hired to file his Rule 32 petition.  However, in applying the reasonable diligence standard, the court should focus on "the petitioner's *own actions* in the face of his attorney's inaction."  *See George v. Dept. of Corrects*, 438 Fed. Appx. 751, 753 (11th Cir. 2011) (citing *Holland*, 130 S. Ct. at 2565) (emphasis added).  In *Holland*, the Supreme Court, focusing on the petitioner's efforts, concluded that the petitioner had met the reasonable diligence standard because he "wrote his attorney numerous letters seeking crucial information and providing direction," and "repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [the attorney] removed from the case."  *Holland*, 130 S. Ct. at 2565.  Moreover, the court in *Holland* noted that the petitioner prepared his own habeas petition pro se and filed it the *"very day"* that the petitioner discovered that the statute of limitations had expired.  *Id*.

The Eleventh Circuit applied the *Holland* reasonable diligence standard in two cases involving alleged attorney misconduct and found that both petitioners failed to exercise reasonable diligence and were not entitled to equitable tolling. *See Chavez v. Sec. Florida Dept. of Corrects*., 647 F.3d 1057, 1071-72 (11th Cir. 2011); *George,* 438 Fed. Appx. at 753.  In

*Chavez*, the petitioner failed to exercise reasonable diligence because he presented no evidence of attempting to contact the state court about his claim or urging his attorney to file post-conviction relief sooner. *Chavez*, 647 F. 3d at 1071-72. The petitioner in *George* failed to meet the reasonable diligence standard merely by hiring a post-conviction attorney. The Eleventh Circuit in *George* noted that "nothing in *Holland* suggests that a petitioner may establish reasonable diligence merely by retaining an attorney." *Id*. at 753. In *George*, the petitioner gave no indication that he "diligently inquired of his attorney concerning the filing of the post-conviction motion or the effect that a later filing would have on a federal habeas corpus petition" and, thus, was not entitled to equitable tolling. *George,* 438 Fed. Appx. at 753 (internal quotations omitted).

      The instant case is nothing like *Holland* and much more like *Chavez* and *George*. The actions of the petitioner in *Holland* to pursue his rights diligently differ greatly from the petitioner's inaction in this case. Here, the petitioner argues that the two attorneys he hired to file a Rule 32 petition on his behalf failed to follow through with the filings, resulting in the petitioner preparing and filing a pro se Rule 32 petition. The petitioner also claims that neither of his attorneys advised him of the statute of limitations for filing a federal habeas petition. However, he presents no claim that he specifically pursued the filing of a federal habeas petition with either attorney; he simply claimed that he hired the attorneys to "prepare and file a Rule 32 post-conviction petition and to represent [him] at any proceedings concerning said petition" and "to file a motion for a new hearing." (doc. 24). The petitioner has offered nothing to indicate that he ever contacted his own attorneys, any court official, the Alabama State Bar or anyone at any time to inquire about a federal habeas petition or the filing deadline. In his objections (doc. 22)

4

and Rule 32 petition (doc. 11-5), the petitioner makes no claim that he ever pursued contacting his two attorneys about anything after he initially retained them. He presented no letters and made no mention in any filing about his attempting to contact the very attorneys he hired to represent him.[4] In contrast, the petitioner in *Holland* exercised reasonable diligence by writing the Florida Bar, the court, and his attorney multiple times inquiring about the status of his case and the federal habeas petition. *Holland*, 130 S. Ct. at 2565.

As in *Chavez* and *George*, the petitioner in the present case did *nothing more than hire two attorneys* to file a Rule 32 petition. The petitioner cannot establish reasonable diligence merely by retaining counsel and then waiting over eighteen months after the habeas deadline to file his pro se petition. The petitioner in this case has failed to show *any* diligence, much less reasonable diligence.

Because the petitioner has the burden of proving both reasonable diligence *and* an extraordinary circumstance, equitable tolling is not warranted on the petitioner's failure to show reasonable diligence alone. Although a discussion of whether the petitioner has shown an extraordinary circumstance would not change the finding that equitable tolling is not warranted, the court will address the issue.

### B. Extraordinary Circumstances

The petitioner argues that this court should equitably toll the limitations period due to

---

[4] The court notes that the magistrate judge provided every opportunity for the petitioner to present such information. On September 27, 2011, the magistrate judge ordered the petitioner to show cause why the petition should not be dismissed as time-barred (doc. 13). Although the magistrate judge granted the petitioner seven extensions of time to file a response to the show cause order, the petitioner never specifically responded to the order. The petitioner's first mention of equitable tolling for his federal habeas petition was in his objections to the magistrate judge's Report and Recommendation (docs. 23, 24).

extraordinary circumstances beyond his control: that the two attorneys he hired to file his Rule 32 petition failed to do so and that neither attorney informed him of the statute of limitations for filing a federal habeas petition. In *Holland*, the Supreme Court determined that equitable tolling may apply under an extraordinary circumstance when the conduct of the petitioner's attorney amounts to more than "garden variety or excusable neglect." *Holland*, 130 S. Ct. at 2564. The Court analyzed how Holland's attorney failed to file the habeas corpus petition on time and failed to determine the date on which the statute of limitations expired. The Court determined that these two instances alone would probably amount to only simple negligence, instead of an extraordinary circumstance as required for equitable tolling. *Id.*

However, the Court in *Holland* further considered how the attorney's misconduct exceeded simple attorney negligence. Specifically, the attorney failed to file the petitioner's habeas corpus petition in a timely manner, despite the petitioner's numerous letters to his attorney emphasizing the importance of doing so. The attorney in *Holland* failed to conduct legal research to determine the applicable statute of limitations; failed to inform the petitioner about the status of his case; and neglected to communicate with the petitioner over a period of *several years*, despite the petitioners pleas with his attorney to respond to his numerous letters. *Id.* (emphasis added). Essentially, the petitioner alleged that his attorney abandoned him. *Id.* at 1268. As a result, the attorney's conduct created an extraordinary circumstance that prevented the petitioner from filing his habeas corpus petition within the one-year statute of limitations. *Id*.

The Eleventh Circuit, applying the Supreme Court's ruling in *Holland*, recently held that an attorney's failure to file a state post-conviction correctly and on time did not amount to serious attorney misconduct that would constitute an "extraordinary circumstance" under the equitable

tolling doctrine. *Chavez,* 647 F.3d at 1071. In *Chavez*, the petitioner's attorney did not file the state post-conviction "soon enough to permit the federal habeas petition to be filed on time." *Id.* The alleged attorney misconduct of failing to file the Rule 32 petition to toll the statute of limitations for a federal habeas petition "does no more to establish serious attorney misconduct of the kind *Holland* requires than the simple statement that counsel did not file in promptly enough." *Id*. The court determined that such conduct, without more, only amounted to a "garden variety claim" of attorney misconduct and did not warrant equitable tolling. *Id.*

This court finds that the attorneys' conduct in the present case does not amount to the level of misconduct in *Holland*. In the instant case, the petitioner alleges an extraordinary circumstance based on his attorneys' failures to file timely Rule 32 petitions and inform him of the federal habeas limitations period. Unlike the petitioner in *Holland*, the petitioner in this case has presented nothing to show he hounded his attorneys repeatedly to file either a Rule 32 or a federal habeas petition, despite their failure to act on his behalf. As in *Chavez*, the attorneys' misconduct in the present case only amounts to a "garden variety claim" of misconduct. The facts alone that the attorneys failed to file a timely Rule 32 petition and did not advise him of his federal habeas rights do not result in an extraordinary circumstance that prevented the petitioner from filing his federal habeas petition within the statute of limitations. Therefore, the petitioner is not entitled to equitable tolling.

The petitioner has failed to meet his burden of proving circumstances that would justify application of the equitable tolling doctrine. Because the petitioner failed to file his habeas petition within the one-year statute of limitations period, this court finds that the petitioner's habeas petition is due to be denied.

## II. CONCLUSION

For all of the foregoing reasons, the court finds that the magistrate judge's report is due to be ADOPTED and ACCEPTS his recommendation. The court finds that the circumstances of this case do not warrant application of the equitable tolling doctrine. Therefore, the habeas petition is due to be DISMISSED as barred by the statute of limitations. The court will enter a separate, final order.

DONE and ORDERED this 28th day of June, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE